IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
GEORGIA

MACON DIVISION

| | | |
|---|---|---|
| Mr. GARY D. LEE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO._____ |
| | ) | |
| CITY OF WARNER ROBINS and | ) | **JURY TRIAL DEMANDED** |
| THOMAS RANDALL TOMS | ) | |
| (in his individual capacity), | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>COMPLAINT</u>

COMES NOW Mr. Gary D. Lee, by and through counsel, and presents this, his Complaint, showing this Honorable Court as follows:

### THE PARTIES

1. Mr. Gary D. Lee respectfully submits himself to the venue and jurisdiction of this Court for the purposes of this action.

2. The City of Warner Robins is a is a municipal corporation organized under the laws of the State of Georgia and is subject

to the personal jurisdiction of Middle District of Georgia, Macon Division and may be served with process at 700 Watson Boulevard, Warner Robins, Georgia. Upon information and belief, the City of Waner Robins has purchased and maintained applicable policies of liability insurance and has thereby waived governmental immunity.

3. Mr. Toms resides in the Middle District of Georgia, Macon Division and may be served with process at 102 Misty Leaf Path, Kathleen, Houston County, Georgia.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims in this action arising under the Constitution, laws, or treaties of the United States as conferred by 28 U.S.C. § 1331, 28 U.S.C. § 1334(a)(3), and 42 U.S.C. § 1988(a).

5. On November 27, 2023, the criminal case against Mr. Lee was dismissed by the Superior Court of Houston County upon the request of the District Attorney's Office for the Chattahoochee Judicial District (after reassignment). Mr. Lee's civil rights claims, as alleged herein, accrued on September 21, 2023, at

the point in time when he was removed from criminal jeopardy pursuant to the DA's Office's Motion for Nolle Prosequi and the granting of same by Order of the same date, and are thus timely filed. *McDonough v. Smith*, 508 US 109 (2019); *Heck v. Humphrey*, 512 U.S. 477 (1994).

6.    Upon service, acknowledgement, or waiver of process, this Court has personal jurisdiction over the City of Warner Robins.

7.    Upon service, acknowledgement, or waiver of process, this Court has personal jurisdiction over former Mayor Toms.

## VENUE

8.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims at issue in this matter occurred in this District.

9.    Venue is proper in this division under Local Rule 3.4 as one or more of the defendants reside in this division and the claims arose in this division.

## STATEMENT OF FACTS

10.    Mr. Lee began working as the Executive Director of Economic Development for the City of Warner Robins in 2006.

11.    In the spring of 2018, Mr. Lee discovered a false entry (attached as Exhibit 1) in Mr. Lee's service file.

12.    The false entry indicated that Mr. Lee was participating in a rehabilitation program or an employee assistance program related to substance abuse.

13.    It is undisputed that Mr. Lee has never participated in any rehabilitation program or an employee assistance program.

14.    Mr. Lee reported the false entry to former Mayor Toms.

15.    Whether or not former Mayor Toms was involved in the creation of the false entry, former Mayor Toms used the false entry and Mr. Lee's request that the false entry be investigated as a pretext to suspend Mr. Lee, have Mr. Lee indicted, and to have Mr. Lee prosecuted.

16.    Former Mayor Toms consulted with one or more law enforcement agencies in an effort to have Mr. Lee arrested.

17. Former Mayor Toms enlisted the efforts of George Hartwig, then the District Attorney for the Houston Judicial District to have Mr. Lee prosecuted.

18. Acting in concert with and at the direction of former Mayor Toms, Mr. Hartwig assigned a third-year law student, Hannah Rozier, to "find something" that Mr. Lee could be arrested for.

19. Ms. Rozier was further instructed to keep her investigation secret and conceal it from everyone.

20. After three or four days of searching, Ms. Rozier reported back to Mr. Hartwig not only that there were no crimes available in the Georgia Code that Mr. Lee could be charged with, but proceeding would be a violation of Mr. Lee's constitutional rights.

21. A true and correct copy of Ms. Rozier's affidavit is attached as Exhibit 2.

22. Despite being told by Ms. Rozier that were no crimes available in the Georgia Code that Mr. Lee could be charged with, Mr. Hartwig, at former Mayor Toms's direction, obtained a special

presentment indicting Mr. Lee on two counts of false report of a crime and one count of making a false statement.

23. It is undisputed that Mr. Lee did not falsely report a crime.

24. It is undisputed that Mr. Lee did not make any false statement relevant to the underlying events.

25. Under the authority of the indictment, Mr. Lee was arrested and jailed on March 27, 2019.

26. Former Mayor Toms directed and orchestrated the presentment of the bench warrant to Mayor Toms's brother-in-law, a Houston County Superior Court judge.

27. On or about April 5, 2019, former Mayor Toms made the unilateral decision to suspend Mr. Lee because of the criminal prosecution.

28. On or about April 16, 2019, Mr. Lee appealed his suspension.

29. Former Mayor Toms initially intended to personally hear Mr. Lee's appeal and only stepped aside when Mr. Lee expressed concern about the fairness of former Mayor Toms deciding the appeal.

30.  The Warner Robins City Council investigated this matter initially led by then-Mayor Pro Tem Keith Lauritsen.

31.  Then-Mayor Pro Tem Keith Lauritsen lifted Mr. Lee's suspension and reinstated Mr. Lee as director of.

32.  In May of 2019, City Council members evaluated Mr. Lauritsen's decision and drafted a position statement to be released after the criminal matter was disposed of.

33.  City Council explains that "Multiple memos and statements to Council indisputably support an established pattern of wrongdoing including, but not limited to, acts of maleficence, HR file tampering, false documents, keys to HR being passed around and failure of due process. Finally, there was a failure to adhere to the Whistleblower policy. Had the correct procedure been invoked, a wrongful indictment could have been avoided."

34.  A true and correct copy of City Council's findings are attached as Exhibit 3.

35.  After reassignment to the District Attorney's Office for the Chattahoochee Judicial District by the Attorney General's

Office, a nolle prosequi order was entered by the Superior Court of Houston County on November 27, 2023.

36. A true and correct copy of the nolle prosequi order is attached as Exhibit 4.

37. Former Mayor Toms served as mayor of Warner Robins from 2014 to 2021.

38. At all times relevant to this case, former Mayor Toms was the mayor of Warner Robins.

39. Article II, section 2.30 of the Charter of the City of Warner Robins provides that "The mayor shall possess all of the executive and administrative powers granted to the city under the Constitution and laws of the State of Georgia and all the executive and administrative powers contained in this charter."

40. Article II, section 2.18, subsection (a)(5) of the Charter of the City of Warner Robins requires, in relevant part, the mayor to "generally to supervise, direct, control, and provide for the administration of the affairs of the city[.]"

41. Article II, section 2.18, subsection (a)(8) of the Charter of the City of Warner Robins requires the mayor to "Exercise supervision and control over all departments of the city[.]"

42. Article II, section 2.18, subsection (a)(11) of the Charter of the City of Warner Robins requires the mayor to "Supervise and direct the official conduct of all city officers and department directors appointed by the mayor[.]"

43. Article II, section 2.18, subsection (d) of the Charter of the City of Warner Robins provides "Except for purposes of inquiry, members of the city council other than the mayor shall deal with the city's employees solely through the mayor and shall not give orders or directives to any such employees, either publicly or privately, except in emergency situations or in the absence of the mayor or the mayor pro tem acting on behalf of the mayor as provided in this charter."

44. Former Mayor Toms was, at the times relevant to this case, the final policy maker for the suspension of department directors.

45. Former Mayor Toms was, at the times relevant to this case, the final policy maker for the referral of city employees for prosecution.

## FEDERAL CONSTITUTIONAL CLAIMS

## COUNT I:

### Claim for Fourth and Fourteenth Amendment Violations – Unreasonable Seizure and Malicious Prosecution
(Against all Defendants)

46. As described more fully below in this Count and above, former Mayor Toms acting individually and in concert with Mr. Hartwig, instituted a criminal proceeding against Mr. Lee despite Mr. Lee's actual innocence and former Mayor Toms's knowledge that no probable cause supported the institution of criminal charges against Mr. Lee.

47. Former Mayor Toms, acting individually and in concert with Mr. Hartwig, under color of state law, within the scope of former Mayor Toms's employment with the City of Warner Robins, and as the final policy maker for the City of Warner Robins for such matters, caused, instituted, and participated in, either intentionally or recklessly, the initiation of a

criminal proceeding against Mr. Lee based on false evidence and despite the absence of probable cause.

48.    The arrest, arrest, indictment, seizure, suspension, and prosecution of Mr. Lee were instituted and continued by former Mayor Toms with malice or recklessness.

49.    Former Mayor Toms caused incomplete, misleading, and false evidence and information to be provided to the DA's Office with knowledge that former Mayor Toms's actions would result in criminal proceedings being pursued against Mr. Lee.

50.    The special presentment and indictment accusing Mr. Lee of falsely reporting a crime and making a false statement were secured by false, incomplete, and misleading evidence.

51.    Mr. Lee was seized on March 27, 2019, as a result of the initiation of the criminal proceedings, and he remained under state supervision pursuant to the wrongful criminal charges described herein up to and including November 27, 2023, when the proceedings terminated in Mr. Lee's favor with the order of nolle prosequi.

52. As a direct and foreseeable consequence of the misconduct described herein on the part of former Mayor Toms, Mr. Lee was unreasonably and unlawfully subjected to seizure, arrest, and criminal prosecution.

53. At all times relevant to the above events, former Mayor Toms, by virtue of the executive authority granted to the office of the mayor by the Warner Robins City Charter, was the final policy maker for the referral of city employees for prosecution.

54. Mr. Lee brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## COUNT II:

### Claim for First Amendment Violation –
### Retaliation for Exercising the Right to Petition the
### Government for Redress
(Against all Defendants)

55. By reporting the false entry in Mr. Lee's service file to former Mayor Toms, Mr. Lee was exercising his right to petition the government for redress, which is protected under the First Amendment to the United States Constitution.

56.    Former Mayor Tom's retaliatory conduct adversely affected Mr. Lee's protected speech and right to petition.

57.    The threat of arrest is the quintessential retaliatory conduct that would deter a person of ordinary firmness from exercising First Amendment rights.

58.    Mr. Lee's exercise of Mr. Lee's First Amendment right to petition the government for redress by former Mayor Toms is the but-for and proximate cause of the arrest and prosecution of Mr. Lee orchestrated and encouraged by former Mayor Toms.

59.    At all times relevant to the above events, former Mayor Toms, by virtue of the executive authority granted to the office of the mayor by the Warner Robins City Charter, was the final policy maker for the evaluation of the First Amendment rights of city employees in the scope of their employment with the City.

60.    Mr. Lee brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## COUNT III:

### Claim for Fourteenth Amendment Violations – Concealment of Exculpatory Evidence
(Against all Defendants)

61. Former Mayor Toms, in the manner described below in this Count and above, intentionally or recklessly, and in bad faith, failed to disclose exculpatory and impeachment evidence to the District Attorney's Office as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

62. Fromer Mayor Toms deprived Plaintiff of his clearly established constitutional right of due process of law and fair criminal proceedings by failing to disclose exculpatory and impeachment evidence to the District Attorney's Office, including but not limited to the following:

    a. A series of approximately twelve recordings made by former Mayor Toms of conversations between Mr. Lee and former Mayor Toms in former Mayor Tom's office in which Mr. Lee disclaimed any intention to personally make any police report and left such decision whether to involve law

enforcement entirely to former Mayor Toms's discretion.

63. Fromer Mayor Toms intentionally or recklessly and in bad faith concealed these recordings from the District Attorney's Office despite former Mayor Toms's knowledge that the recordings were material and exculpatory as to Mr. Lee.

64. Fromer Mayor Toms was aware of the material exculpatory and impeachment value of the recordings as well as his obligation under *Brady* to disclose same, and intentionally or recklessly and in bad faith failed to do so.

65. Any reasonable executive officer in 2018 and 2019 would have known, and these Defendants did know, that the exculpatory and impeachment evidence described in this Count had to be documented and disclosed to the District Attorney's Office.

66. No reasonable executive officer would have believed that the misconduct described herein was lawful.

67. Fromer Mayor Toms's intentional or reckless failure to disclose exculpatory and impeachment evidence as described in this Count was in bad faith and deprived Mr. Lee of his

right to a fair criminal process and his constitutional right to due process under the Fourteenth Amendment.

68. Fromer Mayor Toms's wrongful concealment of exculpatory and impeachment evidence directly and proximately caused Mr. Lee's wrongful arrest, prosecution, and deprivation of liberty without due process of law, as well as the other injuries and damages set forth in this Complaint and to be proved through discovery and at trial.

69. At all times relevant to the above events, former Mayor Toms, by virtue of the executive authority granted to the office of the mayor by the Warner Robins City Charter, was the final policy maker for the disclosure of *Brady* evidence to the appropriate prosecutorial authorities with regard to city employees.

70. Mr. Lee brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## COUNT IV:

### Claim for Fourteenth Amendment Violation – Failure to Train, Supervise, or Discipline
(Against Defendant City of Warner Robins)

71.   The City of Warner Robins also failed to train, supervise, and discipline former Mayor Toms both prior to and throughout the wrongful prosecution of Mr. Lee.

72.   As a direct and proximate result of the City of Warner Robins's failure to properly train, supervise, and discipline former Mayor Toms, Mr. Lee was wrongfully prosecuted and unlawfully seized without probable cause.

73.   The City of Warner Robins was aware of the broad grant of executive authority that the City Charter gives the mayor of Warner Robins.

74.   The City of Warner Robins was aware or reasonably should have been aware of the risk of serious misconduct resulting from the gross deficiencies in training and supervising mayors, including former Mayor Toms, and was also aware of the likelihood that citizens' rights would be violated, and that wrongful arrests and prosecutions would result.

75.   In spite of this knowledge of the need for training and supervision of mayors, including former Mayor Toms, the City of Warner Robins was deliberately indifferent to the

need for adequate training and supervision of mayors.

76. The need for training was so obvious and the likelihood that constitutional violations would result due to such lack of training was so great, the City of Warner Robins is subject to municipal liability based upon its deliberate indifference to the obvious need for appropriate training.

77. Training and supervision of mayors, including former Mayor Toms, was grossly deficient and constitutionally inadequate with respect to the following topics: (i) First Amendment retaliation; (ii) the use of mayoral authority to maliciously cause the prosecution citizens without probable cause; and (iii) identifying, preserving, and producing exculpatory and impeachment evidence as required by law.

78. Mr. Lee expressly alleges that the need for training and supervision regarding the topics identified above was so obvious that the City of Warner Robins was on notice of both the lack of training and supervision and the fact that individuals' rights and safety were at near-certain risk of violation due to those widespread and persistent deficiencies.

79. The City of Warner Robins was deliberately indifferent to the obvious need for proper training and supervision and the risks that would accompany the continued absence of proper training and supervision.

80. For the foregoing reasons, the City of Warner Robins is liable for its municipal policy of failing to provide training and supervision with respect to the Constitutional obligations and duties as outlined herein.

81. As a direct and proximate result of those failures on the part of the City of Warner Robins, Mr. Lee was subjected to unlawful seizure, arrest, suspension, and wrongful prosecution.

## **DAMAGES**

82. As a direct and proximate result of Defendants' violations of Mr. Lee's civil and constitutional rights, Mr. Lee was arrested, jailed, and deprived of fair criminal proceedings, for crimes he did not commit.

83. As a result of Plaintiff's wrongful conviction and imprisonment, Plaintiff sustained injuries, entitling him to

recover compensatory damages, including but not limited to:

    a. humiliation, indignities, and embarrassment;

    b. damage to reputation;

    c. damage to family relations; and

    d. such other injuries as may be shown by the evidence.

84. The acts of the former Mayor Toms alleged above were willful, wanton, intentional, and evidenced a reckless disregard for and indifference to the rights and safety of the public, including Mr. Lee.

85. Defendants are jointly and severally liable to Plaintiff for compensatory damages resulting from the violation of Mr. Lee's civil and constitutional rights as described herein.

86. For the reasons set forth above, former Mayor Toms should also be subject to punitive damages in an amount sufficient to punish him for his wrongful actions and to deter others from such misconduct in the future.

87. Mr. Lee is entitled to recover his reasonable attorneys' fees and litigation expenses from Defendants pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully prays for the following relief:

a. Compensatory damages from all Defendants, jointly and severally, in an amount to be determined at trial.

b. Punitive damages from former Mayor Toms, in an amount to be determined at trial, that will deter such conduct by former Mayor Toms and other officials in the future.

c. Reasonable attorneys' fees and litigation expenses from Defendants under 42 U.S.C. § 1988.

d. Costs of court and interest as allowed by law.

e. A trial by jury on all contested issues of fact.

f. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Preston L. Haliburton
Georgia Bar No. 142222
Attorney for Plaintiff
HALIBURTON LAW GROUP, PC
310 Newnan Street
Suite A
Carrollton, Georgia 30117
Telephone: (404) 217-9028
Email: prestonhaliburton@gmail.com


/s/ Konrad Ziegler
Georgia Bar No. 178342
Attorney for Plaintiff
LEE & ZIEGLER, LLP
150 North Street
Suite M
Canton, Georgia 30114
Telephone: (678) 871-0501
Email: kziegler@leeandzieglerlaw.com